**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL B. WOOLMAN,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:11-CV-2062-M (BK)** |
| | § | |
| **BAYLOR HEALTH HOSPITAL, et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for screening. For the reasons that follow, it is recommended that the complaint be summarily dismissed with prejudice as frivolous.

**I. BACKGROUND**

Plaintiff, a resident of Lincoln Nebraska, filed a *pro se* civil rights complaint against Baylor Health Hospital and Bryan LGH Co. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening.

As best as the Court can decipher, Plaintiff is suing for pain and suffering and mental anguish because Defendants are "[t]rying a new way to track people, By [sic] inserting a GPS Device in people, illegally." (Doc. 2 at 2, 5.) He states that in his case, his "arm pit [was] bloody" immediately after his tonsil and sinus surgery. (*Id.* at 2.)

This is the tenth civil action Petitioner has filed since March 2011 in federal district courts nationwide. Two of those actions were dismissed with prejudice as frivolous because his allegations were nonsensical. *Woolman v. Playboy Entertainment Spice Xcess*, No. 2:2011-CV-3740 (E.D. Cal. May 29, 2011); *Woolman v. Time Warner, et al.*, 2:11-CV-6366 (C.D. Cal. Aug.

3, 2011).  An additional two actions were dismissed for want of jurisdiction.  *See Woolman v. Lancaster County District Court, et al.*, 4:11-CV-3043 (E.D. Neb. May 16, 2011); *see Wollman v. Lancaster County Corrections*, 4:11-CV-3044 (E.D. Neb. Jul. 5, 2011).  The remaining five cases are pending review of Plaintiff's motion to proceed *in forma pauperis*.

## II.  ANALYSIS

### A.    Frivolity Review

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b).  That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'"  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible."  *Id.* at 33.

Here, Plaintiff's claims against Baylor Health Hospital and Bryan LGH Co. are factually frivolous.  His allegations, that a GPS device was inserted in his arm pit to track his whereabouts, describe fantastic or delusional scenarios that are clearly irrational and incredible.  Therefore, the complaint should be dismissed with prejudice as frivolous.

### B.    Sanction Warning

Because Plaintiff has filed at least three *pro se* actions that were frivolous, he should be

warned that if he persists in filing frivolous actions, the Court may impose monetary sanctions and/or bar him from bringing **any further action** of any kind *in forma pauperis* and/or without prior court approval.  Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority."  *In re Stone,* 986 F.2d 898, 902 (5th Cir.1993).  Included in such power is the authority "to levy sanctions in response to abusive litigation practices."  *Id.*  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993).  Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees – indeed, **are not entitled to sue and appeal, period."**  *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989) (emphasis added).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be summarily **DISMISSED** with prejudice as frivolous, *see* 28 U.S.C. §§ 1915(e)(2)(B), and that Plaintiff be **WARNED** that sanctions may be imposed if he persists in filing frivolous complaints.

SIGNED August 24, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE